IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILL E. DELLINGER, JR.,                )
                                        )
       **Plaintiff**,                    )
                                        )
v.                                      )       Case No. CIV-20-176-JFH-SPS
                                        )
KILOLO KIJAKAZI,                        )
Acting Commissioner of the Social      )
Security Administration,[1]             )
                                        )
       **Defendant**.                  )

## REPORT AND RECOMMENDATION

The claimant Will E. Dellinger, Jr., requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-nine years old at the time of the administrative hearing (Tr. 29, 187). He completed the high school, and has worked as a stacker, press operator helper, press operator, and joiner operator (Tr. 21, 206). The claimant alleges inability to work since February 6, 2016, due to a back injury, balance problems, physical weakness, inability to stand or sit for any length of time, hip pain, and sharp leg pain (Tr. 205).

## Procedural History

On October 13, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Doug Gabbard, II, conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 1, 2019 (Tr. 13-23). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he could only stand/walk up to two hours in an eight-hour workday and sit six hours in an eight-hour workday. Additionally, the ALJ

limited the claimant to occasionally climbing ramps/stairs, balancing, and stooping, and determined that he could neither climb ladders/ropes/scaffold nor kneel, crouch, or crawl. (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was sedentary work he could perform, *i. e.*, touch up screener and document preparer (Tr. 22).

## Review

The claimant contends that the ALJ erred by: (i) failing to protect his Civil Rights by referencing and supporting his opinion with evidence outside the record, (ii) failing to find he met Listing § 1.04, (iii) failing to provide an explanation for not sending the claimant to a consultative examiner despite his request, and (iv) improperly assessing the consistency of his statements. The undersigned Magistrate Judge agrees that the ALJ erred in evaluating the evidence, and the decision of the Commissioner should be reversed.

The ALJ found that the claimant had the severe impairment of degenerative disc disease, as well as the medically determinable impairments of morbid obesity, balance issues, hip and leg pain, diabetes, and low blood and platelet count (Tr. 15). The medical evidence in the record shows that prior to the alleged onset date of February 6, 2016, the claimant underwent a lumbar decompression surgery on L3, 4, 5, and S1 on September 30, 2014 (Tr. 298). Following the surgery, the claimant attended twelve physical therapy sessions that ended on January 22, 2015 when the claimant was discharged because he was not progressing as expected. The notes reflect that the claimant was not getting relief from physical therapy and reported increased pain with any activity, and also reflect that he had,

*inter alia*, a positive straight leg raise test (Tr. 271-272). He was to return to his referring physician for follow up (Tr. 270-272).

On February 12, 2015, the claimant presented to Total Rehab, where Dr. Charles Fullenwider released the claimant because there was nothing they could do neurosurgically other than offer a referral to pain management (Tr. 299). A September 7, 2016 lumbar MRI revealed multilevel degenerative disc disease, most conspicuous at the lumbosacral junction where there is a right .5 cm disc protrusion contributing to severe right foraminal narrowing (Tr. 315). On October 10, 2016, the claimant presented to his treating physician, Dr. Misty Branam, with continued complaints of low back pain (Tr. 310). She assessed him with postlaminectomy syndrome, and spinal stenosis of the lumbar region, and instructed him to schedule a follow-up appointment (Tr. 313).

State reviewing physicians initially determined that there was insufficient evidence to establish disability for a period of at least twelve months (Tr. 95). Upon review, Dr. William H. Oehlert found the claimant could perform the lifting requirements of light work, but that he could only stand/walk up to two hours in an eight-hour workday and sit six hours in an eight-hour workday, with no additional postural, manipulative, visual, communicative, or environmental limitations (Tr. 106-107).

In his written opinion at step four, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record (Tr. 17-21). He also copied verbatim large excerpts from a previous ALJ opinion as to evidence from a prior adjudication that was *not included* in the present administrative transcript, finding "some of the discussion relevant for establishing the claimant's back injury history." (Tr. 17).

The summary referenced reports related to the claimant's back surgery and follow-up treatment, pain management treatment notes, and treatment notes from Dr. Olshen, none of which are available in the present transcript. The ALJ included these summaries in an apparent effort to question the claimant's veracity (Tr. 17-20). However, the verbatim recitation of non-included evidence from the previous ALJ's opinion left out the following statement: "The above objective findings support a limitation to sedentary work, with occasionally pushing/pulling with the upper extremities, reaching overhead, stooping and balancing, but no ascend or descend ropes, ladders, scaffolds or stairs. In addition, taking into consideration the claimants [sic] occasional use of a non-prescribed cane, he can only frequently use his hands for handling, fingering, and feeling." (Tr. 77). In other words, the verbatim recitation ended where the ALJ's prior opinion found *more* restrictions than the ALJ in the present case. Of the evidence in the present case, the ALJ summarized the claimant's physical therapy treatment notes, as well as a treatment note from Dr. Fullenwider where he suggested chronic pain management for the claimant (Tr. 18-19). The ALJ noted the claimant's September 2016 MRI, as well as his diagnoses of postlaminectomy syndrome and spinal stenosis of the lumbar region (Tr. 20). The ALJ then limited the claimant's standing and postural limitations based on the MRI, as well as complaints of increased pain following physical therapy. He found the original state reviewing physician opinion unpersuasive, but the reconsideration opinion partially persuasive, agreeing with the stand/walk/sit limitations but adding postural limitations as well (Tr. 20-21).

The claimant first contends that the ALJ improperly recited verbatim excerpts from the ALJ opinion from the prior adjudication that were related to evidence not contained in the present record. The Commissioner acknowledges that the ALJ did so, but urges the Court to find this practice, at most, a harmless error. However, the undersigned Magistrate Judge is unable to find the ALJ's practice to be harmless error here. Under 20 C.F.R. § 404.953(a), "[t]he administrative law judge must base [his] decision on the preponderance of the evidence *offered at the hearing or otherwise included in the record*." (emphasis added). Where a claimant is not given the opportunity to cross-examine a physician or rebut a report, the Tenth Circuit has found a denial of due process. *See Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983) ("An ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report. Moreover, such a practice exceeds the Secretary's statutory authority. The Secretary is clearly manded by statute to determine a claimant's disability 'on the basis of evidence adduced at the hearing.'") (*citing, inter alia*, 42 U.S.C. § 405(b)(1)). The ALJ's decision should therefore be reversed based on this denial of due process.[3]

---

[3] While the undersigned Magistrate Judge agrees that this case should be reversed based on the aforementioned denial of due process, the claimant's argument based on *res judicata* must fail. Although the claimant asserts that the ALJ's recitation constituted a "de facto reopening" of the previous claim, the ALJ's opinion in the present case applied to an entirely different time period and did not reopen the previous case, and therefore *res judicata* has not been established here. *See* 20 C.F.R. § 404.957(c)(1) ("The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]").

While the Commissioner asserts that the ALJ did not base his decision on this evidence absent from the record, the undersigned Magistrate Judge disagrees. The ALJ clearly relied on it in assessing the consistency of the claimant's statements, as well as the evidence in the record. In addition to a due process violation, this is also certainly improper picking and choosing. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.") (*citing Switzer v. Heckler*, 742 F2d 382, 385-386 (7th Cir. 1984)). Moreover, the undersigned Magistrate Judge is not persuaded by the Commissioner's contentions that the claimant could, *i. e.*, should, have objected to the evidence in the prior adjudication, and failed to object to the inclusion of the ALJ's opinion in the present record, and therefore must somehow be bound by this evidence without being given the opportunity to have a full and fair hearing. *See Clark v. Astrue*, 2010 WL 3909883, at *2 (N.D. Okla. Sept. 29, 2010) ("A cursory reading of *Allison* illustrates that the Commissioner's position, that Clark had any burden here, is in error. . . . There was no mention in *Allison* of the claimant having any burden at all in asking for a supplemental hearing.").

The claimant likewise contends that the ALJ erred in failing to order a consultative examination related to his physical impairments, and the undersigned Magistrate agrees. The undersigned Magistrate Judge acknowledges that the record in this case is sparse with regard to actual functional examining evaluations of the claimant's physical impairments, as well as the ALJ's broad latitude in deciding whether to order consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166-1167 (10th Cir. 1997) (Once the claimant has

presented evidence suggestive of a severe impairment, it "becomes the responsibility of the ALJ to order a consultative evaluation if such an examination is necessary or helpful to resolve the issue of impairment."). But here, the claimant's counsel requested a consultative examination at the administrative hearing, noting the September 2016 MRI results, which is sufficient to carry his burden. *See Id.*, 113 F.3d at 1167-1168 ("Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial. . . . [I]n a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. *In the absence of such a request by counsel*, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record.") (emphasis added). Furthermore, the initial state reviewing physician determined that there was insufficient evidence to determine the claimant's disability. This demonstrates to the undersigned Magistrate Judge that the ALJ should have ordered a consultative examination in this case. *See* 20 C.F.R. §§ 404.1519(b) ("We may purchase a consultative examination [] when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim."). The ALJ's discretion here is not boundless, and under the circumstances in this case, the ALJ should have further developed the record.

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**